UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 23-41290

CARMELA E. WOOD,                                          Chapter 13

        Debtor.                                          Judge Thomas J. Tucker
_____/

**OPINION AND ORDER DISMISSING CASE**

      The Debtor in this case, Carmela E. Wood, filed this Chapter 13 case on February 15, 2023. The Court concludes that this case must be dismissed, however, because the Debtor has a prior-filed Chapter 7 bankruptcy case that is still open and pending in this Court.

      On September 20, 2016, the Debtor and her now-deceased spouse filed a joint voluntary petition for relief under Chapter 7, commencing Case No. 16-32185 (the "Chapter 7 Case"). Because the Debtor then resided in Flint, Michigan, the Chapter 7 Case was filed in the northern division of this judicial district, and is now assigned to Judge Joel D. Applebaum.

      The proceedings in the Chapter 7 Case include the following. On February 14, 2017, the Chapter 7 Trustee filed a no-distribution report. Later that same day, the Court entered an order granting both Debtors a discharge under 11 U.S.C. § 727 (Docket # 15 in Case No. 16-32185). On March 18, 2017, that case was closed. But later it was reopened.

      On August 5, 2021, the United States Trustee filed a motion to reopen the Chapter 7 Case, to permit the Trustee to administer an asset. The Court entered an order the same day, reopening the case, and the former Trustee, Collene K. Corcoran, was again appointed trustee. (*See* Docket ## 17, 19, and 20 in Case No. 16-32185). The next day, the Trustee withdrew her previous no-distribution report.

The asset to be administered in the Debtor's Chapter 7 Case is a lawsuit claim with a possible settlement (the "Roundup Claim"). It has been described by the Chapter 7 Trustee in her most recent Trustee's Report as "Settlement of class action claim regarding Roundup - Claim of Michael Wood" in the gross amount of $90,850.00. (*See* Docket # 32 in Case No. 16-32185 at line 15). The United States Trustee (the "UST") and the Chapter 7 Trustee both appear to take the position that this asset is property of the bankruptcy estate in the Chapter 7 Case, because, they say, it arose before the Debtors filed their bankruptcy petition in that case. (*See* Chapter 7 Trustee's Annual Report (Docket # 15 in Case No. 16-32185) cited above; UST's Ex Parte Mot. to Reopen (Docket # 17 in Case No. 16-32185 at ¶ 5 ("The injury occurred pre-petition and was not listed on the Debtors' schedules."))).

The Debtor apparently contends that the Roundup Claim arose post-petition. She made this assertion in a letter she filed on May 9, 2022 in the Chapter 7 Case (at Docket # 33).

This possible dispute over whether this asset is property of the bankruptcy estate in the Chapter 7 Case may need to be decided by the Court, but if so, it must be decided in the Chapter 7 Case by Judge Applebaum, not in the Debtor's new Chapter 13 case by the undersigned judge.

If the Roundup Claim arose pre-petition in the Chapter 7 case, it was not abandoned by the original closing of that case, on March 18, 2017, because it was not listed in the Debtors' schedules in that case. (The Debtor scheduled and exempted only a different claim, a "testosterone lawsuit").[1] As a result, the Roundup Claim was not abandoned under 11 U.S.C. § 554(c). It also appears that the Debtor has never yet claimed that the Roundup Claim is exempt

---

[1] The Debtor distinguished the "testosterone lawsuit" from the Roundup Claim in the letter she filed with the Court in the Chapter 7 Case on May 9, 2022 (Docket # 33 in Case No. 16-32185).

2

in the Chapter 7 case, so the claim may turn out to be entirely non-exempt property of the bankruptcy estate in the pending, reopened Chapter 7 Case.

Despite the fact that the Debtor's prior Chapter 7 Case was reopened on August 5, 2021, and remains pending, on February 15, 2023, the Debtor filed a voluntary petition for relief under Chapter 13, commencing this new case.[2]  In this Chapter 13 case, the Debtor listed the Roundup Claim in her Schedule A/B (Docket # 7 at pdf p. 7, item 33).  There she described it as "Monsanto Round-Up Class Action Lawsuit, settlement being held by previous Chapter 7 filing 16-32185, Trustee, Colleen Corcoran" and stated a value of $27,900.00.  In her Schedule C filed in this Chapter 13 case, the Debtor claims the entire $27,900.00 amount of this asset as exempt, under 11 U.S.C. § 522(d)(11)(D).  (Docket # 7 at pdf p. 10).

The Court will dismiss this case, for two reasons.

First, as a general rule, which the Court finds applicable here, the Debtor may not have two bankruptcy cases pending at the same time.  *See In re Munroe*, 568 B.R. 631, 633-34 (Bank. E.D. Mich. 2017) (citing *In re Sidebottom*, 430 F.3d 893, 897–99 (7th Cir. 2005) and *In re Lord*, 295 B.R. 16, 17–21 (Bankr. E.D.N.Y. 2003)) ("[T]he majority rule, which this Court agrees with, is that a debtor may not have two bankruptcy cases pending at the same time.").  For this reason, the Court will dismiss this case, which is the second-filed of the two cases.

A second reason for dismissing this case, related to the first reason, is that if the Roundup Claim is an asset of the bankruptcy estate in the Debtor's pending Chapter 7 Case, then the Debtor's actions in filing this Chapter 13 case, and seeking to exempt the Roundup Claim in this

---

[2]  The Court notes that the Debtor is represented by the same attorney in both of her pending cases.

3

case, may be a violation of the automatic stay that still protects this asset in the Chapter 7 Case, under 11 U.S.C. § 362(a)(3). As the Court reasoned in a similar situation in *Munroe*:

> The Debtors' actions in filing and prosecuting this Chapter 13 case are a violation of the automatic stay that remains in effect, as against the Debtors, as to the property of the Chapter 7 bankruptcy estate, including the Covington Lane property. *See* 11 U.S.C. § 362(a)(3) (stay "applicable to all entities," against "any act . . . to exercise control over property of the estate"); 11 U.S.C. § 362(c)(1). As such, the Debtors' actions in filing and prosecuting this Chapter 13 case must be deemed void. *See Easely v. Pettibone*, 990 F.2d 905, 911 (6th Cir. 1993). For this reason, this Chapter 13 bankruptcy case must be dismissed.

*Munroe*, 568 B.R. at 633.

For these reasons,

IT IS ORDERED that this case is dismissed.

IT IS FURTHER ORDERED that this Order is without prejudice to the Debtor's right to do any of the following: (1) file an amended Schedule C in the pending Chapter 7 Case claiming an exemption for all or part of the Roundup Claim; (2) file a motion in the pending Chapter 7 Case seeking an order determining that the Roundup Claim is not property of the bankruptcy estate in that case; (3) file a motion in the pending Chapter 7 Case seeking an order under 11 U.S.C. § 554(b) requiring the Trustee to abandon the Roundup Claim; (4) refile her Chapter 13 bankruptcy case after the pending Chapter 7 Case is closed.

**Signed on March 9, 2023**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**